**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 12-1071

————————

RONALD SCAVONE,

<u>Appellant</u>

v.

PENNSYLVANIA STATE POLICE;
COL. JEFFREY B. MILLER, in his official capacity only;
LINDA M. BONNEY, in her individual capacity only;
FRANK E. PALOWSKI

————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-cv-01623)
District Judge: Hon. A. Richard Caputo

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2012

BEFORE: FUENTES, FISHER and COWEN, <u>Circuit Judges</u>

(Filed:  October 15, 2012)

————————

OPINION

————————

COWEN, Circuit Judge.

Appellant Ronald Scavone appeals from the order of the District Court granting summary judgment in favor of Appellees. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties who are familiar with the factual context and legal history of this case. Therefore, we set forth only the facts that are necessary for our analysis.

Appellant applied for a position as a Liquor Enforcement Officer ("LEO") with the Pennsylvania State Police ("PSP"). LEOs conduct undercover investigations at liquor licensed establishments. Prior to his application, the PSP instituted a policy that required anybody applying for a position with the PSP to have visible tattoos reviewed by the Tattoo and Replica Review Committee.

Appellant passed the interview and written test for the LEO position. The Tattoo and Replica Review Committee conducted a review of his tattoos. By letter it advised him that he would have to have one of his tattoos removed if he would like to be considered for the LEO position.

Appellant did not remove the tattoo, and was not hired. He filed suit, asserting a First Amendment retaliation claim, and claims under the due process clause and equal protection clause of the U.S. Constitution, as well as claims under the Pennsylvania

Constitution.   Following discovery, the District Court entered an order granting summary judgment.[1]

## II.

## A.

The District Court properly dismissed the First Amendment retaliation claim.  In order to plead a retaliation claim under the First Amendment, a plaintiff must allege "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

Appellant argues that there is a causal link between his constitutionally protected conduct and the retaliatory action because the tattoo removal policy was selectively enforced against him because he "spoke out and hired a lawyer." (Appellant Br. at 17.) This argument is not supported by the record.  The record reflects that, on June 11, 2008, he was told to remove the tattoo to be considered for the LEO position.  (App. 77.)  In his brief, he asserts that he first began engaging in protected speech in "late 2008 and 2009." (Appellant Br. at 18.)  Since he did not engage in protected speech until after PSP's enforcement of the policy was made, the decision cannot be conceptualized as retaliatory.

Additionally, Appellant argues in his brief that the tattoo removal policy violates the First Amendment because it is "content-based" and overbroad.  (*See* Appellant Br. at

---

[1] Our review of a grant of summary judgment is plenary.  *See United States ex rel. Quinn*

8-10.) However, Appellant does not make these allegations in his Complaint. Rather, his sole First Amendment claim is that Appellees retaliated against him when he exercised his First Amendment rights by speaking out against the policy. (*See* Compl. ¶¶ 11-14.) Since Appellant does not allege in his Complaint that the tattoo policy itself violates the First Amendment, he cannot press this argument here for the first time.

B.

The equal protection claim also fails, under both a traditional equal protection clause analysis and under a "class of one" analysis.

Under a traditional equal protection clause analysis, "if a law neither burdens a fundamental right nor targets a suspect class," a court must uphold the "classification so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S 620, 631 (1996). Having a tattoo is not a fundamental right. Nor is Appellant a member of a suspect class. Rational basis review is highly deferential. *See Heller v. Doe*, 509 U.S. 312, 320 (1993) ("a classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification"). Appellant has failed to show that the tattoo removal rule is without a justifiable reason.

Under a "class of one" theory, a plaintiff may claim, absent membership in a class, that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v.*

---

*v. Omnicare Inc.*, 382 F.3d 432, 436 (3d Cir. 2004).

4

*Olech*, 528 U.S. 562, 564 (2000). This theory, however is not available to Appellant, as it is inapplicable in the public employment context. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008).

C.

Nor is the tattoo removal policy void for vagueness. The "void for vagueness" doctrine arises under the due process clause of the Fourteenth Amendment, and is designed to give "fair warning" of prohibited conduct. *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1135 (3d Cir. 1992). In the public employment context, "the vagueness doctrine is based on fair notice that certain conduct puts persons at risk of discharge." *Id.* at 1136. Standards for public employees "are not void for vagueness as long as ordinary persons using ordinary common sense would be notified that certain conduct will put them at risk of discharge." *Id.*

There is nothing in the record that lends support to the claim that the tattoo removal policy is vague. Appellant was fairly put on notice from the day that he applied for the LEO position that his tattoo had to be approved before he could be hired.

III.

For the foregoing reasons, we will affirm the Order of the District Court.